UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

BURK N. ASHFORD,

Plaintiff,

v.

CALIFORNIA SUPERIOR COURT OF COUNTY OF SAN DIEGO, HON. MICHAEL S. GROCH PRESIDING; CALIFORNIA COURT OF APPEAL, FOURTH DISTRICT, DIV. ONE, HON. JUSTICE JUDITH MCCONNELL, PRESIDING; COURT REPORTERS BOARD OF CALIFORNIA; JENNIFER ESQUIVEL, AS THE OFFICIAL COURT REPORTER; AND DOES 1-20,

Defendants.

Case No.:  26-CV-1032 TWR (MSB)

**ORDER (1) GRANTING MOTION TO PROCEED IFP AND (2) DISMISSING COMPLAINT UNDER 42 U.S.C. § 1915(e)(2)(B)**

(ECF Nos. 1, 2)

Presently before the Court is Plaintiff Burk N. Ashford's Complaint ("Compl.," ECF No. 1) and Motion to Proceed *in forma pauperis* ("IFP Mot.," ECF No. 2.)  For the reasons set forth below, Plaintiff's Motion to Proceed IFP is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE.**

/ / /

/ / /

1

## I.    Factual Background

Plaintiff filed a state court case that went to trial. (*See* Compl. at 2.) Plaintiff alleges due process violations throughout the trial. (*See id.*) Plaintiff then filed an appeal and requested a free trial transcript. (*See id.*) Plaintiff's request for a free transcript was denied. (*See id.* at 3.) Plaintiff claims his right to due process under the Fifth and Fourteenth Amendments was violated by the withholding of the court reporter's trial transcript. (*See id.* at 4.) Plaintiff alleges that the "with-holding of the reporter's trial transcript is in fact . . . the taking of property" and "may also be classified as Elder Abuse." (*See id.*)

Plaintiff sues the following Defendants: 1) California Superior Court of County of San Diego, Hon. Michael S. Groch Presiding, 2) California Court of Appeal, Fourth District, Div. One, Hon. Justice Judith McConnell, Presiding, 3) the Court Reporters Board of California, and 4) Jennifer Esquivel, as the Official Court Reporter. (*See generally id.*) Plaintiff requests that his state court case be reinstated and he be granted "receipt of his Report's Trial Transcript." (*Id.* at 5.) Alternatively, Plaintiff requests monetary damages totaling $4,030,000. (*See id.*)

## II.    Motion to Proceed IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A plaintiff seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *United States v. McQuade*, 647 F.2d 938, 940 (9th

---

[1]    In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

Cir. 1981)). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id.* While the IFP statute does not itself define what constitutes insufficient assets, a party need not "be absolutely destitute" to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Here, Plaintiff represents that he has $230.86 in cash or a bank account, and he receives $1,347 per month, with $985 in monthly expenses. (*See* IFP Mot. at 2–3.) Further, Plaintiff submits a record that his bank account balance was $30.86 on January 30, 2026. (*See id.* at 4.) Because Plaintiff's income and expenses only leave him with an excess of $362 a month, the Court is persuaded that Plaintiff cannot pay the court costs and still afford the necessities of life. Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP.

## III. Screening of the Complaint Pursuant to 42 U.S.C. § 1915(e)(2)(B)

### A. Legal Standard

The Court must screen all IFP complaints before service on defendants to ensure that they are not frivolous or malicious, that they state a claim on which relief may be granted, and that they do not seek monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). A "frivolous" complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is also "frivolous" if it "fails to establish subject matter jurisdiction or standing." *L.R. v. Mueller*, No. 23-CV-03421-PHK, 2025 WL 1635505, at *2 (N.D. Cal. June 9, 2025).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive screening, all complaints must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

8(a)(2). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.[2]

### B.      Analysis

#### 1.      The Eleventh Amendment

Plaintiff sues all Defendants "in their Official Capacity and not personally." (Compl. at 1.) The Eleventh Amendment prohibits federal courts from hearing suits brought against a nonconsenting state or arm of the state. *See Munoz v. Super. Ct. of Los Angeles Cnty.*, 91 F.4th 977, 980 (9th Cir. 2024). Accordingly, Plaintiff's claims against the California Superior Court, County of San Diego and the California Court of Appeal, Fourth District, Division One, are barred by the Eleventh Amendment because state courts are arms of the state. *See id.* ("[T]he Superior Court of the State of California has sovereign immunity as an arm of the state.") Similarly, Plaintiff's claims against Justice Michael S. Groch and Justice Judith McConnell are barred by the Eleventh Amendment because "state court judges cannot be sued in federal court in their judicial capacity under the Eleventh Amendment." *Id.* at 981. Further, the Eleventh Amendment bars suit against Jennifer Esquivel, as the official court reporter. *See Simmons v. Sacramento Cnty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) ("Plaintiff cannot state a claim against the Sacramento County Superior Court (or its employees), because such suits are barred by the Eleventh Amendment."). Thus, Plaintiff's claims are barred by the Eleventh Amendment and

---

[2]      While Plaintiff includes Does 1-20 and the Court Reporters Board of California in the caption of the Complaint, Plaintiff does not make any allegations relating to Does 1-20 and the only allegations against the Court Reporters Board of California are that a representative became silent to Plaintiff's inquires. (*See* Compl. at 3.) To the extent Plaintiff's claims are directed at these entities, they are subject to dismissal under 42 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

4

subject to dismissal under § 1915(e)(2)(B)(iii) because Plaintiff seeks monetary relief against defendants who are immune from such relief.

### 2.    *Rooker-Feldman Doctrine*

Further, to the extent Plaintiff's seeks injunctive relief, his claims are barred by the *Rooker-Feldman* doctrine.  The *Rooker-Feldman* doctrine provides that "a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."  *Doe v. Mann*, 415 F.3d 1038, 1041 (9th Cir. 2005) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)).  Here, Plaintiff requests that his state case be "reinstated," and he be "granted receipt of his Reporter's Trial Transcript."  (Compl. at 5.)  Plaintiff is in effect asking for this Court to overturn orders made by state court judges and thus his claim is barred by the *Rooker-Feldman* doctrine.  *See Cooper v. Ramos*, 704 F.3d 772, 781 (9th Cir. 2012) (finding that when the plaintiff asserted legal error by the state court and requested relief from the state court judgment, the plaintiff's claim was barred by *Rooker-Feldman* and it was immaterial that the claim was framed as a constitutional challenge); *see also Arellano v. Lamborn*, No. 3:19-CV-02360-JAH-LL, 2020 WL 376148, at *4 (S.D. Cal. Jan. 23, 2020) ("Because Plaintiff appears to seek this Court's assistance in overturning orders made by state court judges, his claims are inextricably intertwined with the state court proceedings, and are barred by the *Rooker-Feldman* doctrine.").  Thus, to the extent that Plaintiff sues Defendants for injunctive relief, his suit is subject to dismissal under § 1915(e)(2)(B)(i) because the Court lacks subject matter jurisdiction.

### III.    Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Proceed IFP and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint under § 1915(e)(2)(B).  Plaintiff may file an Amended Complaint within <u>60 days leave from the date of this Order</u> which cures the deficiencies noted.  Plaintiff's Amended Complaint must be complete by itself without reference to the original pleading.  Defendants not named and any claim not

26-CV-1032 TWR (MSB)

re-alleged in the amended complaint will be considered waived.  *See* S.D. Cal. Civ. L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").  *If Plaintiff fails to file an Amended Complaint within 60 days, the Court will enter a final Order dismissing this civil action* pursuant to 28 U.S.C. § 1915(e)(2)(B) and failure to prosecute in compliance with a court order requiring amendment.  *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated:  March 19, 2026

_____
Honorable Todd W. Robinson
United States District Judge