UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BURK N. ASHFORD,<br><br>                                   Plaintiff,<br><br>v.<br><br>CALIFORNIA SUPERIOR COURT OF COUNTY OF SAN DIEGO, HON. MICHAEL S. GROCH PRESIDING; CALIFORNIA COURT OF APPEAL, FOURTH DISTRICT, DIV. ONE, HON. JUSTICE JUDITH MCCONNELL, PRESIDING; COURT REPORTERS BOARD OF CALIFORNIA; JENNIFER ESQUIVEL, AS THE OFFICIAL COURT REPORTER; AND DOES 1-20,<br><br>                                   Defendants. | Case No.:  26-CV-1032 TWR (MSB)<br><br>**ORDER DISMISSING CASE PURSUANT TO 42 U.S.C. § 1915(e)(2)(B)**<br><br>(ECF No. 4) |

Presently before the Court is Plaintiff Burk N. Ashford's First Amended Complaint ("FAC," ECF No. 4), which alleges various constitutional challenges relating to the denial of a state court trial transcript.  For the reasons set forth below, Plaintiff's First Amended Complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 42 U.S.C. § 1915(e)(2)(B).

/ / /

1

## BACKGROUND

**I.      Factual Background**

Plaintiff filed a state court case in California Superior Court against his landlord based on allegations that the landlord took possession of Plaintiff's belongings.  (*See* FAC at 3, 16.)  Plaintiff's case went to trial, and he lost.  (*See id.* at 3.)  Plaintiff alleges due process violations throughout the trial.  (*See id.* at 5.)  Plaintiff then filed an appeal in the California Court of Appeal and requested a free trial transcript to aid in his appeal.  (*See id.* at 3.)  Plaintiff's request for a free transcript was denied.  (*See id.*)  Plaintiff argues that this decision deprives him of the necessary evidence for his appeal of the trial court's judgment and his "intellectual personal property."  (*See id.* at 6.)  Additionally, Plaintiff argues that the denial of the transcript constitutes "obstruction and the violation of free speech."  (*Id.*)

Plaintiff also filed a motion in his California Superior Court case requesting a stay pending his appeal to the California Court of Appeals, which was denied.  (*See id.* at 4.)  Related to the denial of the stay, Plaintiff alleges "CCP § 1176 was passed and installed ordering that appeals to the federal court are not enforceable and should not be recognized which clearly violates any and all rights to due process of law."  (*Id.*)  Plaintiff alleges violations of 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments of the United States Constitution.  (*See id.* at 7.)  Plaintiff also states his action is being brought pursuant to *Ex Parte Young*, 209 U.S. 123 (1908).  (*See id.* at 2.)

Plaintiff sues the following Defendants: 1) California Superior Court of County of San Diego, Hon. Michael S. Groch Presiding, 2) California Court of Appeal, Fourth District, Div. One, Hon. Justice Judith McConnell, Presiding, 3) the Court Reporters Board of California, and 4) Jennifer Esquivel, as the Official Court Reporter.  (*See generally id.*)  Plaintiff requests that this Court order his state court appeal be reinstated and a preliminary and permanent injunction requiring production of his trial transcript.  (*See id.* at 8.)

/ / /

/ / /

## II.   Procedural Background

On March 19, 2026, the Court granted Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* and dismissed his Complaint pursuant to 42 U.S.C. § 1915(e)(2)(B). (ECF No. 3.)  Plaintiff filed the instant First Amended Complaint ("FAC") in response to the Court's Order.  (ECF No. 4.)

**SCREENING PURSUANT TO 42 U.S.C. § 1915(e)(2)(B)**

## I.   Legal Standard

The Court must screen all IFP complaints before service on defendants to ensure that they are not frivolous or malicious, that they state a claim on which relief may be granted, and that they do not seek monetary relief against an immune defendant.  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").  A "frivolous" complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint is also "frivolous" if it "fails to establish subject matter jurisdiction or standing."  *L.R. v. Mueller*, No. 23-CV-03421-PHK, 2025 WL 1635505, at *2 (N.D. Cal. June 9, 2025).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  To survive screening, all complaints must include a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

3

## II.     Analysis[1]

### A.     Eleventh Amendment Immunity

The Eleventh Amendment prohibits federal courts from hearing suits brought against a nonconsenting state or arm of the state. *See Munoz v. Super. Ct. of Los Angeles Cnty.*, 91 F.4th 977, 980 (9th Cir. 2024). Accordingly, Plaintiff's claims against the California Superior Court, County of San Diego and the California Court of Appeal, Fourth District, Division One, are barred by the Eleventh Amendment because state courts are arms of the state. *See id.* ("[T]he Superior Court of the State of California has sovereign immunity as an arm of the state.") Similarly, Plaintiff's claims against Justice Michael S. Groch and Justice Judith McConnell are barred by the Eleventh Amendment because "state court judges cannot be sued in federal court in their judicial capacity under the Eleventh Amendment." *Id.* at 981. Further, the Eleventh Amendment bars suit against Jennifer Esquivel, as the official court reporter. *See Simmons v. Sacramento Cnty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) ("Plaintiff cannot state a claim against the Sacramento County Superior Court (or its employees), because such suits are barred by the Eleventh Amendment.").

Plaintiff alleges his claims are brought pursuant to "*Ex Parte Young*, 209 U.S. 123 (1908)." (FAC at 2.) *Ex parte Young* is an "narrow exception" to Eleventh Amendment immunity limited to actions where private parties "seek judicial orders in federal court preventing state executive officials from enforcing state laws that are contrary to federal law." *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021). Plaintiff's attempt to rely on *Ex parte Young* fails for multiple reasons. First, the *Ex parte Young* doctrine is limited to actions where a plaintiff seeks prospective injunctive relief to end an ongoing

---

[1]     To the extent Plaintiff attempts to challenge the constitutionality of California Code of Civil Procedure § 1176, it appears Plaintiff does not understand the Code section. Plaintiff states that Section 1176 orders "that appeals to the federal court are not enforceable and should not be recognized." (FAC at 4.) In reality, Section 1176 allows a trial court to stay a judgment in an unlawful detainer case when there is a showing of "extreme hardship." Accordingly, this argument is subject to dismissal as frivolous pursuant to 42 U.S.C. § 1915(e)(2)(B).

violation of federal law.  *See Ex parte Young*, 209 U.S. 123, 159–60 (1908)  Here, Plaintiff is seeking retrospective relief, the overturning of a past court order.  *See Tezak v. LaCasse*, No. 2:25-CV-3442 DJC AC (PS), 2026 WL 1067545, at *3 (E.D. Cal. Apr. 20, 2026) (finding that the *Ex parte Young* doctrine did not apply because the plaintiff sought "retrospective relief, such as vacating purportedly void state court orders."); *see also Mogan v. Petrou*, No. 21-CV-06959-TSH, 2021 WL 5359400, at *4 (N.D. Cal. Nov. 17, 2021) (finding that the plaintiff was not seeking prospective injunctive relief when he was attempting to overturn the imposition of sanctions in a state court action).

Second, to the extent Plaintiff is suing the California Superior Court, California Court of Appeal, and Court Reporter's Board, the *Ex parte Young* doctrine does not apply because these Defendants "cannot be sued in an individual capacity."  *Munoz*, 91 F.4th at 980.  Lastly, the Supreme Court and Ninth Circuit have made clear that the *Ex parte Young* exception does not allow for "injunctions against judges acting in their judicial capacity." *Id.*; *Whole Woman's Health*, 595 U.S. at 39 ("As *Ex parte Young* put it, 'an injunction against a state court' or its 'machinery' 'would be a violation of the whole scheme of our Government.'" (citing *Ex parte Young*, 209 U.S. at 163).  Instead, if a state court errs in its ruling, the "traditional remedy has been some form of appeal," including one to the United States Supreme Court, which Plaintiff did in fact pursue.[2]  *Whole Woman's Health*, 595 U.S. at 39.  Thus, Plaintiff's claims are barred by the Eleventh Amendment and Plaintiff's suit is subject to dismissal under 42 U.S.C. § 1915(e)(2)(B).

### B.    Rooker-Feldman Doctrine

Even if Plaintiff's claims were not barred by the Eleventh Amendment, his claims would be barred by the *Rooker-Feldman* doctrine.  The *Rooker-Feldman* doctrine provides that "a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing

---

[2]    *See* FAC at 4 ("A motion for a writ of mandamus was timely filed with the appeals court to require production of the transcript which was denied and subsequently appealed to the California Supreme Court was also denied and submitted to the Supreme Court of the United States for certiorari.").

26-CV-1032 TWR (MSB)

party's claim that the state judgment itself violates the loser's federal rights." *Doe v. Mann*, 415 F.3d 1038, 1041 (9th Cir. 2005) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)); *see also Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013) ("The *Rooker–Feldman* doctrine forbids a losing party in state court from filing suit in federal district court complaining of an injury caused by a state court judgment, and seeking federal court review and rejection of that judgment.").

Here, Plaintiff seeks relief from a state court order denying him a free trial court transcript and alleges it was legal error for the state court to deny him the free trial court transcript. He also alleges that it was a legal error for the state court to deny him a stay while he appealed his case. Plaintiff requests that his state court appeal be reinstated and "a preliminary and permanent injunction restraining the defendant(s) from holding the Trial Reporter's Transcript." (FAC at 8.)

Because both of Plaintiff's arguments are de facto appeals of state court's orders, they are barred by the *Rooker-Feldman* doctrine. *See Cooper v. Ramos*, 704 F.3d 772, 781 (9th Cir. 2012) (finding that when the plaintiff asserted legal error by the state court and requested relief from the state court judgment, the plaintiff's claim was barred by *Rooker-Feldman* and it was immaterial that the claim was framed as a constitutional challenge); *see also Meredith v. Idaho Dep't of Correction*, No. 1:20-CV-00377-BLW, 2020 WL 6536648, at *3–4 (D. Idaho Nov. 4, 2020) (finding the plaintiff's claim challenging the denial of the ability to proceed *in forma pauperis* in state court was barred by the *Rooker-Feldman* doctrine because a decision "would be predicated on a determination that the state court's decision to deny fee waivers was improper"). Thus, Plaintiff's claims are barred by the *Rooker-Feldman* doctrine and Plaintiff's suit is subject to dismissal under 42 U.S.C. § 1915(e)(2)(B).

/ / /

/ / /

/ / /

/ / /

6

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES WITHOUT PREJUDICE** but **WITHOUT LEAVE TO AMEND** Plaintiff's First Amended Complaint under 42 U.S.C. § 1915(e)(2)(B).  The Clerk of the Court **SHALL CLOSE** this case.

**IT IS SO ORDERED.**

Dated:  June 2, 2026

_____
Honorable Todd W. Robinson
United States District Judge

7

26-CV-1032 TWR (MSB)